1  CRAIG D. McMAHON (#97727)
   STEPHEN J. MODAFFERI (#106052)
2  KIMBALL, TIREY & ST. JOHN, LLP
   1202 Kettner Boulevard, Third Floor
3  San Diego, California 92101
   Telephone: (619) 231-1422
4  Facsimile: (619) 234-7692

5

   Attorneys for Defendants BUENA VISTA-LEMON GROVE, L.P.
6

7

8
                        UNITED STATES DISTRICT COURT
9
                       SOUTHERN DISTRICT OF CALIFORNIA
10

11

   PAUL CLADY,                          Case No. 07CV2291IEG(BLM)
12
                Plaintiff,
13                                       ANSWER TO COMPLAINT AND
   vs.                                   DEMAND FOR JURY TRIAL
14

15 CNA FINANCIAL, INC., dba ECONO LUBE
   & TUNE #51; BUENA VISTA-LEMON
   GROVE, L.P. and DOES 1 through 10,
16 inclusive,

17              Defendants.

18
         Comes now Defendant, BUENA VISTA-LEMON GROVE, L.P., responding for no others
19
   and answering the Complaint for itself alone, as follows:
20
         1.     Answering the paragraph 1, Defendant, by reason of lack of information sufficient
21
   to formulate a response, denies each and every jurisdictional allegation contained therein.
22
         2.     Answering paragraph 2, Defendant, without making any admission whatsoever in
23
   connection with the merits of the Plaintiff's allegations, admits that the venue for this action lies
24
   within the Southern District of California.
25
         3.     Answering paragraph 3, Defendant, by reason of lack of information sufficient to
26
   formulate a response, denies each and every allegation contained therein.
27
         4.     Answering paragraph 4, Defendant admits that it has a Lessee of the subject
28
   property located at 7608 Broadway, Lemon Grove, CA, which Lessee is the operator of the public

accommodation located at the subject property and, except as admitted, denies each and every other allegation contained therein based on lack of information and belief sufficient to formulate a response.

5. Answering paragraph 5, Defendant admits that BUENA VISTA-LEMON GROVE, L.P., is a lawful business entity and the owner of the subject property and, except as admitted, denies each and every other allegation contained therein based on lack of information and belief sufficient to formulate a response.

6. Answering paragraph 6, Defendant admits that they have a Lessor-Lessee relationship as to the subject property. Each and every other allegation of said paragraph is denied.

7. Answering paragraph 7, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

8. Answering paragraph 8, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

9. Answering paragraph 9, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

10. Answering paragraph 10, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein. Furthermore, Defendant denies that they have discriminatory policies or engage in discriminatory practices regarding persons with disabilities.

11. Answering paragraph 11, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein. Furthermore, Defendant denies that they have engaged in unlawful acts or omissions.

12. Answering paragraph 12, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

13. Answering paragraph 13, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein. Furthermore, Defendant denies that the subject premises are, or will continue to be, unlawfully inaccessible to Plaintiff or

other disabled persons.

14. Answering paragraph 14, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

15. Answering paragraph 15, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein. Furthermore, Defendant denies that the subject premises are, or will continue to be, unlawfully inaccessible to Plaintiff or other disabled persons.

16. Answering paragraph 16, Defendant re-alleges and incorporates by reference their responses to paragraphs 1 – 15, above.

17. Answering paragraph 17, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

18. Answering paragraph 18, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

19. Answering paragraph 19, Defendant re-alleges and incorporates by reference their responses to paragraphs 1 – 18, above.

20. Answering paragraph 20, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.  Furthermore, Defendant denies that the subject premises are, or will continue to be, unlawfully inaccessible to Plaintiff or other disabled persons.

21. Answering paragraph 21, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

22. Answering paragraph 22, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

23. Answering paragraph 23, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

24. Answering paragraph 24, Defendant re-alleges and incorporates by reference their responses to paragraphs 1 – 23, above.

25. Answering paragraph 25, Defendant, by reason of lack of information sufficient to

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

1  formulate a response, denies each and every allegation contained therein.

2  26. Answering paragraph 26, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

27. Answering paragraph 27, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

28. Answering paragraph 28, Defendant re-alleges and incorporates by reference their responses to paragraphs 1 – 27, above.

29. Answering paragraph 29, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

30. Answering paragraph 30, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

31. Answering paragraph 31, Defendant re-alleges and incorporates by reference their responses to paragraphs 1 – 30, above.

32. Answering paragraph 32, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

33. Answering paragraph 33, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

34. Answering paragraph 34, Defendant, by reason of lack of information sufficient to formulate a response, denies each and every allegation contained therein.

35. Answering Plaintiff's Prayer for Relief, Defendant, by reason of lack of information sufficient to formulate a response, denies that Plaintiff is entitled to any relief of any kind by reason of the allegations made in the complaint.

## **AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, Defendant alleges that Plaintiff has failed to state a claim upon which relief may be granted.

2. As a second affirmative defense, Defendant alleges that Plaintiff's claims are barred by the applicable statute(s) of limitations.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

3.   As a third affirmative defense, Defendant alleges that the Plaintiff has failed to mitigate his/her damages, if any, by failure to take all reasonable and prudent actions available to prevent or minimize the damage alleged in the complaint.

4.   As fourth affirmative defense, Defendant alleges that Plaintiff's damages, if any, are the result of the acts and/or omissions of persons or entities other than Defendant.

5.   As a fifth affirmative defense, Defendant alleges that, at all times described in the complaint, Defendant acted in good faith and according to a reasonable belief that their actions and omissions to act, if any, have been in compliance with the law or in compliance through alternate means of accommodation so as to permit achievement without unreasonable cost.

6.   As a sixth affirmative defense, Defendant alleges that, if they are somehow ascertained to be obligated to undertake any act, refrain from permitting any act, or are liable for any omission on the part of themselves or on the part of any other person, the existence of which liability is generally and specifically denied, in undertaking any action and refraining from undertaking any action in connection with the changes and/or modifications of the premises that are the subject of Plaintiff's complaint, that the Defendant is excused from such undertakings, in that they are not readily achievable and/or technically feasible, and the alleged conditions are in compliance through alternate means of accommodation about which the Plaintiff made no inquiry, and are, therefore, not required by the Americans with Disabilities Act, the ADAAG, or California Title 24 Building Code Requirements.

7.   As a seventh affirmative defense, Defendant alleges that, whatever injury or damage, if any, Plaintiff suffered by reason of the actions or omissions alleged in his/her complaint, said injuries were proximately caused, in whole or in part, and contributed to by the negligence, misconduct, or other legal fault of third parties.  By reason thereof, Plaintiff's recovery must be diminished by the proportion of the negligence, conduct, or other legal fault attributable to the third parties.

8.   As an eighth affirmative defense, Defendant alleges that Plaintiff's damages, if any, are barred and/or subject to reduction based upon Plaintiff's comparative fault, in that Plaintiff failed to exercise ordinary care and caution for his/her own safety or welfare, or to avoid the

1 happening of said accident or injury or damages, and sought no alternate means of
2 accommodation. Thus, Plaintiff is estopped by his/her conduct from claiming injury, if any was
3 sustained at all, and damages arising therefrom, if any, should be reduced in proportion to the
4 extent that they were caused or contributed to by the Plaintiff.

5     9. As a ninth affirmative defense, Defendant alleges that if they are in any manner
6 found responsible for the actions or omissions alleged in the complaint, which liability is generally
7 and specifically denied, the liability of Defendant is based upon a derivative form of liability that
8 did not result from Defendant's conduct, but from an alleged obligation imposed by law for which
9 Defendant is entitled to indemnity by reason of express contract with third parties and as may be
10 implied from the active conduct of third parties whose conduct was the primary and direct cause of
11 Plaintiff's alleged damages, while the liability of this answering Defendant, if any, is passive and
12 derivative from the actions and omissions of third parties, whether named or unnamed in this
13 action.

14     10. As a tenth affirmative defense, Defendant alleges that Plaintiff lacks standing to
15 bring this action.

16     11. As an eleventh affirmative defense, Defendant alleges that by reason of the absence
17 of an affirmative allegation by Plaintiff that he/she has notified Defendant of the alleged
18 deficiencies, by reason of Plaintiff's failure to allege any request for or demand of any manner of
19 alternative accommodation, and by reason of Plaintiff's failure to allege any specific facts
20 whereby Defendant may be imputed with actual or constructive knowledge of the alleged
21 deficiencies in advance of the filing of this action, Plaintiff is barred and estopped from claiming
22 entitlement to treble damages.

23     12. As a twelfth affirmative defense, Defendant alleges that Plaintiff is barred from
24 bringing this action by failure to exhaust his/her administrative remedies as an antecedent
25 requirement to the bringing of this action.

26     13. As a thirteenth affirmative defense, Defendant alleges that, to the extent that the
27 complaint alleges any failure to cause the subject premises to be made accessible and/or useable to
28 the disabled to the maximum extent feasible according to minimum standards set for new

construction following alleged alteration of the use to which any part of the premises were devoted after January 26, 1992, such alteration, if any, is exempt because it did not alter the usability of the premises.

      14.    As a fourteenth affirmative defense, Defendant alleges that, to the extent the complaint alleges any failure to cause the subject premises to be made accessible and/or useable to the disabled to the maximum extent feasible according to minimum standards set for new construction following alleged alteration of the use to which any part of the premises were devoted after January 26, 1992, such alteration, if any, is exempt because the alteration, if any, was in substance an alteration, structural repair or addition to correct access or remove barriers so that any obligation to undertake alterations is limited to the scope of that work.

      15.    As a fifteenth affirmative defense, Defendant alleges that, to the extent the complaint alleges any failure to cause the subject premises to be made accessible and/or useable to the disabled to the maximum extent feasible according to minimum standards set for new construction following alleged alteration, if any, of the use to which any part of the premises were devoted after January 26, 1992, such alteration, if any, is limited to the scope of the actual work where the usability by the disabled was not changed with respect to any primary function so that paths of travel to a primary entryway, to restrooms, to telephones and/or to drinking fountains were not involved.

      16.    As a sixteenth affirmative defense, Defendant alleges that, to the extent the complaint alleges any failure to cause the subject premises to be made accessible and/or useable to the disabled to the maximum extent feasible according to minimum standards set for new construction following alleged alteration, if any, of the use to which any part of the premises were devoted after January 26, 1992, such alteration, if any, is exempt as the total construction cost of the change in usability was less than the threshold established under 24 CCR 1134B.2.1 and strict compliance would create an unreasonable hardship so that the costs of providing an accessible entrance, path of travel, sanitary facility, cashier counter, parking space, or other facility exceeded 20% of the cost of the project without those features.

      17.    As a seventeenth affirmative defense, Defendant alleges that, to the extent the

complaint alleges any failure to cause the subject premises to be made accessible and/or useable to the disabled to the maximum extent feasible according to minimum standards set for new construction following alleged alteration, if any, of the use to which any part of the premises were devoted after January 26, 1992, such alteration, if any, is exempt when an alternative design, affording equivalent or greater access to the facility was employed, strict compliance with an arbitrary standard was structurally impracticable, and the violation was consistent with conventional building industry tolerances for field conditions.

18. As an eighteenth affirmative defense, Defendant alleges that, to the extent the complaint alleges any failure to cause the subject premises to be made accessible or useable to the disabled according to some governmentally established standard, said standard is unenforceable by reason of its violation of the United States Constitution by its deprivation of the right of the Defendant to due process of law when strict and unbending compliance with the enactment is arbitrary, capricious, and where strict enforcement of said standards lacks a reasonable relationship between the governmental purpose sought to be achieved and means adopted to achieve that objective.

19. As a nineteenth affirmative defense, Defendant alleges that, to the extent the complaint alleges any failure to cause the subject premises to be made accessible and/or useable to the disabled to the maximum extent feasible according to minimum standards set for new construction following alleged alteration, if any, of the use to which any part of the premises were devoted after January 26, 1992, such alteration, if any, is exempt with regard to alteration of bathroom facilities where bringing the restroom facility into compliance would be technically infeasible.

20. As a twentieth affirmative defense, Defendant alleges that Plaintiff is barred from the claim to punitive damages in that the application thereof would be contrary to the due process and excessive fines clauses of the Fourteenth and Eighth Amendments to the United States Constitution and/or Sections 7 and 17, Article I, of the California Constitution

21. As a twenty-first affirmative defense, Defendant alleges that the conditions alleged by Plaintiff, if any, have been repaired/replaced/remodeled, in whole or in part, so as to render the

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

complaint moot, in whole or in part.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the complaint by way of damages and/or by way of injunctive relief and that judgment be rendered in favor of Defendant;

2. For a declaration by this Court that Defendant is not obligated to perform any remedial acts in relation to the Allegations of the complaint;

3. For costs of suit and attorney's fees incurred in defense of this action; and,

4. For such other and further relief as the Court deems just and proper.

KIMBALL, TIREY & ST. JOHN LLP

DATED: _____

CRAIG D. McMAHON
STEPHEN J. MODAFFERI,
Attorneys for Defendant,
BUENA VISTA-LEMON GROVE, L.P.

### DEMAND FOR JURY TRIAL

Pursuant to F.R.Civ.P. Rule 38(b) and L.R. 38.1, this answering Defendant demand trial by jury on those issues to which there is a legal right to a jury trial.

KIMBALL, TIREY & ST. JOHN LLP

DATED: _____

CRAIG D. McMAHON
STEPHEN J. MODAFFERI
Attorneys for Defendant,
BUENA VISTA-LEMON GROVE, L.P.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| **TITLE OF CASE**<br>PAUL CLADY v. CAN FINANCIAL, INC., etc., et al. | |
| **ATTORNEY(S) NAME & ADDRESS**<br>Stephen J. Modafferi, SBN 106052<br>KIMBALL, TIREY & ST. JOHN<br>1202 Kettner Boulevard, Third Floor<br>San Diego, CA 92101          (619) 231-1422 | |
| **ATTORNEY(S) FOR:**<br>Defendant BUENA VISTA-<br>LEMON GROVE, L.P. | **HEARING DATE-TIME-DEPT** | **CASE NUMBER**<br>07CV2291IEG(BLM) |

# PROOF OF SERVICE

I am employed in the City of San Diego, county of San Diego, State of California. I am over the age of 18 years and not a party to the within mentioned action. My business address is 1202 Kettner Blvd., Fifth Floor, San Diego, California 92101. On April 24, 2008, I caused the document(s) named below to be served on the parties in this action as follows:

**DOCUMENT(S) SERVED:**
ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

**SERVED UPON:**
Amy Vandeveld
1850 Fifth Avenue, Suite 22
San Diego, CA  92101

☒ **(BY MAIL)** I am readily familiar with Kimball, Tirey & St. John's practice for collecting and processing correspondence for mailing with the United States Postal Service. Kimball, Tirey & St. John's practice is that correspondence is deposited with the United States Postal Service on the same day that it is placed for collection in the ordinary course of business. I placed a true and correct copy of the document(s) listed above in an envelope, addressed as indicated above. I sealed the envelope and placed it for collection and mailing on the date indicated above following ordinary business practices.

☐ **(BY PERSONAL SERVICE - COURIER)** I caused to be delivered to an authorized courier or driver authorized by [attorney service name] to receive documents to be delivered on the same date. A Proof of Service signed by the authorized courier will be filed forthwith.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☐ **(BY OVERNIGHT CARRIER)** I am readily familiar with the practice of Kimball, Tirey & St. John for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by  [overnight company name] for overnight delivery.

☐ **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein at approximately       via the facsimile number(s) listed on the attached service list.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court, at whose discretion this service was made.

Executed on April 24, 2008, at San Diego, California.

JEFFREY W. JOHNSON

**PROOF OF SERVICE**